**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ILAIN GARCIA,

      Plaintiff,

v.                                                                                     No.  25-794

THE CITY OF HOBBS and
DAVID GOUGH, in his
Individual capacity,

      Defendants.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441(a), 1331, 1446, and 1367(a) Defendant the City of  Hobbs and David Gough ("Defendants") hereby removes this action from the State of New Mexico Fifth Judicial District Court, County of Lea to the United States District Court for the District of New Mexico.  This Court has federal jurisdiction pursuant to 28 U.S.C. § 1331 because it has original jurisdiction over both of Plaintiff Ilian Garcia's claims for damages brought under 42 U.S.C § 1983 for violation of his Fourth and Fourteenth Amendment rights. (Compl. ¶¶ 48-61.)

## Background

1.      Plaintiff commenced this action by filing a Complaint on July 10, 2025, in the Fifth Judicial District Court for the State of New Mexico, in the County of Lea, styled *Ilian Garcia v. City of Hobbs and David Gouch,* D-506-CV-2025-00767. Pursuant to 28 U.S.C. § 1446(a) and D.N.M,LR-Civ. 81.1(a), the most recent version of the docket from the state court proceedings and a copy of all process, pleadings, and orders served upon defendants in the state court action are attached as **Exhibit A**.

2.      Defendant City of Hobbs was served with process on July 15, 2025, and David Gouch was served with process on July 16, 2025. *See*, Declaration of Amber Leija, attached as **Exhibit B**.

3.      Plaintiff's Complaint asserts that Mr. Gough, a City of Hobbs Code Enforcement Officer unlawfully seized his dog without a warrant in violation of his constitutional rights to be free from unreasonable seizure of property and seizure of property without due process under the Fourth and Fourteenth Amendment of the United States Constitution. (Comp. ¶¶ 2, 48-61.)

4.      Plaintiff further alleges that Mr. Gough's actions in seizing his dog constitute a violation of his rights under Article II, Section 10 and Article II, Section 18 of the New Mexico Constitution.

5.      All of Plaintiff's claims derive from the same common nucleus of operative facts: Mr. Gough's seizure of Plaintiff's dog after Mr. Gough received a complaint from Plaintiff's neighbor that his dog had escaped Plaintiff's yard and charged the neighbor's daughter. (Compl. ¶¶ 10 -15).

6.      Plaintiff seeks damages for the alleged violation of his federal and state constitutional rights – the seizure of his dog - under 28 U.S.C 1983.

7.      In his prayer for relief, Plaintiff seeks: general and special damages, punitive damages, costs, attorneys' fees, and pre-judgment interest. (Compl. Prayer for Relief.)

<u>**Venue**</u>

8.      Plaintiff filed this action in the State of New Mexico Fifth Judicial District Court, County of Lea, which is located in the District of New Mexico. Venue is proper in the United States District Court for the District of New Mexico pursuant to 28 U.S.C. § 1441(a) because the District of New Mexico encompasses the county in which the state court action is pending.

**Consent to Removal**

9.      Defendant City of Hobbs and Defendant Gough consent to this removal.  Thus, all Defendants have consented to removal.

**Notice to Plaintiff**

10.      Concurrently with the filing of this Notice of Removal in this Court, Defendants will serve written notice of removal on Plaintiff's counsel and file a copy of this Notice of Removal with the Clerk of the State of New Mexico Fifth Judicial District Court, County of Lea, as required by 28 U.S.C. § 1446(d).

**Timeliness of Removal**

11.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1)(C) because it is being filed within thirty days of July 16, 2025, the date on which Defendant Gough received process.

**Grounds for Removal**

12.      In deciding whether an action arises under federal law, a court is guided generally by the well-pled complaint rule, which provides that "a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based on federal law." *Schmeling v. NORDAM,* 97 F.3d 1336, 1339 (10th Cir.1996) (internal quotations and citation omitted).

13.      It is undisputed that the parties in this case are not diverse in their citizenship. Accordingly, this Court has subject matter jurisdiction of this case only if this action raises a federal question, that is, if this action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

14.      Here, there is no question that the District Court has original jurisdiction over Plaintiff's claims, as it is clear from the face of Plaintiff's Complaint that he has brought two

separate claims for damages under 28 U.S.C. 1983 alleging that Defendants City of Hobbs and David Gough violated his rights under the Fourth and Fourteenth Amendment of the United States Constitution. *See* 28 U.S.C. § 1331; *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003) (stating that federal question exists when "plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law . . . [which in turn exists when] plaintiff's cause of action [is] created by federal law" (internal quotation marks and citations omitted)).

15.     Moreover, the District Court has supplemental jurisdiction over Plaintiff's State law claims pursuant to 28 U.S.C. 1367(a) as Plaintiff's state law claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Plaintiff's claims brought under the New Mexico Civil Rights Act arise from the exact same facts and circumstances that form the basis of his allegations that Defendants violated his rights under the United States Constitution. Indeed, all of Plaintiff's claims arise from the same act: Defendants' seizure of Plaintiff's dog on the same day July 7, 2025. As such, there is no question that Plaintiff's state law claims derive from a common nucleus of operative facts as the federal law claims. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) (stating that if "a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole").

16.     Under 28 U.S.C. § 1367(c), the District Court may only decline to exercise supplemental jurisdiction over the state law claims arising out of a common nucleus of operative facts, as is the case here, if one of the listed conditions is met. *Mirzai v. State of New Mexico Gen. Servs. Dep't*, 506 F. Supp. 2d 767, 779 (D.N.M. 2007) ("Numerous courts have acknowledged that 28 U.S.C. § 1367(c) necessarily changed the district courts' supplemental jurisdiction discretion

analysis, and that, unless one of the conditions of 28 U.S.C. § 1367(c) exists, courts are not free to decline jurisdiction.").

17.    Here, none of the conditions permitting the District Court to decline jurisdiction exist as Plaintiff's claims do not raise a novel or complex issue of State law, the state claims do not substantially predomination of the federal claims, the District Court has not yet dismissed the federal law claims, and there are no exceptional circumstances compelling the District Court to decline supplement jurisdiction.

18.    In short, the District Court should exercise jurisdiction over all the claims alleged in Plaintiff's Complaint because it is clear from the face of Plaintiff's complaint that Plaintiff is bringing claims for alleged violations of his federal constitutional rights through operation of federal law and the state law claims contained in the Complaint derive from a common nucleus of operative facts: the one time seizure of Plaintiff's dog.

WHEREFORE, Defendants remove the above-styled action to this Court.

Respectfully submitted,

*/s/ James C. Wilkey*
James C. Wilkey
Spring V. Schofield
Rhys D. Llewellyn
DIXON•SCHOLL•CARRILLO•P.A.
6700 Jefferson, NE
Building B, Suite 1
Albuquerque, New Mexico 87109
Phone: (505) 244-3890
Fax: (505) 244-3889
jwilkey@dsc-law.com
sschofield@dsc-law.com
rllewellyn@dsc-law.com
*Attorneys for Defendants the City of Hobbs,*
*New Mexico and David Gough*

I HEREBY CERTIFY that on the 15th day of August 2025, I filed the foregoing electronically

through the CM/ECF system, which caused all counsel of record to be served by electronic means,

as more fully reflected on the Notice of Electronic Filing:

Benjamin Gubernick
New Mexico Bar No. 145006
ben@wglawllp.com

Curtis Waldon
New Mexico Bar No. 163604
curtis@wglawllp.com
717 Texas St. Suite 1200
Houston, TX 77002


*/s/ James C. Wilkey*
James C. Wilkey
Spring V. Schofield
Rhys D. Llewellyn