**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**ILAIN GARCIA,**

**Plaintiff,**

**v.** **No. 2:25-cv-00794KRS/JHR**

**THE CITY OF HOBBS and DAVID GOUGH, in his Individual capacity,**

**Defendants.**

# DEFENDANTS AMENDED ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

COME NOW Defendant City of Hobbs and David Gough, in his individual capacity, (collectively "Defendants") by and through their counsel of record, Dixon•Scholl•Carrillo•P.A. (Spring V. Schofield and James C. Wilkey), and respectfully hereby answer and otherwise respond to Plaintiffs' Class Action Complaint ("Complaint") as set forth below. Any allegation not expressly admitted is denied.

## OVERVIEW

1. Defendants deny the characterization in paragraph 1 regarding a "due process optional" mentality, as it is an opinion and not a factual allegation.
2. Defendants admit that on July 7, 2025, Animal Control Officer (ACO) Gough went to Plaintiff's house. Defendants deny that there was an unlawful seizure of the dog, Hope. Defendants are without sufficient information to admit or deny the remaining allegations and, therefore, deny the same.

3. Defendants admit that a warrant was obtained from the Hobbs Municipal Court after the initial surrender of the dog. Defendant denies that the warrant was obtained "under false pretenses" and denies any intent to cure wrongful conduct.
4. Defendants deny the existence of a "seizure first, warrant later" enforcement philosophy and deny any unlawful actions as alleged.

**PARTIES, JURISDICTION, AND VENUE**

5. Defendants lack sufficient information to admit or deny Plaintiff's residence.
6. Defendants admit that the City of Hobbs is a municipality in Lea County, New Mexico.
7. Defendants admit that David Gough works for the City of Hobbs and resides in Lea County, New Mexico.
8. Defendants admit that jurisdiction is proper in New Mexico.
9. Defendants deny that venue is proper in Lea County, New Mexico.

**GENERAL ALLEGATIONS**

10. Defendants lack sufficient information to admit or deny Plaintiff's living arrangements as alleged in Paragraph 10.
11. Upon information and belief, Defendants admit the allegations in Paragraph 11.
12. Defendants admit that Plaintiff and Gough spoke on July 7, 2025, but lack sufficient information to admit or deny the remaining allegations in Paragraph 12.
13. Defendants admit the allegations in Paragraph 13.
14. Defendants admit the allegations in Paragraph 14.
15. Defendants admit the allegations in Paragraph 15 but affirmatively state that it is an incomplete summary of the reports made to Gough on July 7, 2025.

16. Defendants lack sufficient information to admit or deny whether Hope had bitten or injured anyone but admit that no such report was made to Gough on July 7, 2025. Defendants admit that the dog, Hope, was inside the home when Gough arrived on July 7, 2025, as alleged in Paragraph 16.
17. Defendants deny the allegations in Paragraph 17.
18. Defendants deny the allegations in Paragraph 18.
19. Defendants deny the allegations in Paragraph 19.
20. Defendants deny the allegations in Paragraph 20.
21. Defendants lack sufficient information to admit or deny the allegations in Paragraph 21.
22. Defendants lack sufficient information to admit or deny the Campos' mental state but deny that Gough issued any "orders" as stated in Paragraph 22.
23. Defendants state that Gough and Campos loaded Hope into his patrol vehicle and took her to the kennel. Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 23.
24. Defendants admit Plaintiff requested a copy of the warrant. Defendants lack sufficient information to admit or deny Plaintiff's knowledge as further alleged in Paragraph 24.
25. Defendants deny the allegations in Paragraph 25.
26. Defendants admit the allegations in Paragraph 26.
27. Defendants state that the warrant application referenced in Paragraph 27 speaks for itself and denies any allegations inconsistent therewith.
28. Defendants deny the allegations in Paragraph 28.
29. Defendants deny the allegations in Paragraph 29.
30. Defendants deny the allegations in Paragraph 30.

## CLASS ACTION ALLEGATIONS

31–37. Defendants deny that Plaintiff is entitled to class certification and denies the existence of a class as defined. Defendants deny the allegations regarding numerosity, commonality, typicality, adequacy, and superiority.

## FIRST CAUSE OF ACTION

38. Defendants incorporate the responses to all prior allegations.

39–44. These allegations state legal conclusions for which an answer is not required. To the extent these paragraphs can be read as asserting factual allegations against Defendants, those allegations are denied.

45-47. Defendants deny the allegations in these paragraphs.

## SECOND CAUSE OF ACTION

48. Defendants incorporate the responses to all prior allegations.

49–50. These allegations state legal conclusions for which an answer is not required. To the extent these paragraphs can be read as asserting factual allegations against Defendant, those allegations are denied.

51-54. Defendants deny the allegations in these paragraphs.

## THIRD CAUSE OF ACTION

55. Defendants incorporate the responses to all prior allegations.

56-57. These allegations state legal conclusions for which an answer is not required. To the extent these paragraphs can be read as asserting factual allegations against Defendant, those allegations are denied.

58-61. Defendants deny the allegations in these paragraphs.

**PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to any of the relief requested.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Class Action Complaint should be dismissed, either in whole or in part, for failure to state a claim upon which relief can be granted.
2. Plaintiff's Class Action Complaint should be dismissed for lack of subject matter jurisdiction, including for failure to comply with the requirements for giving notice under the New Mexico Civil Rights Act, NMSA 1978, § 41-4A-13 (2021); the New Mexico Tort Claims Act, NMSA 1978, § 41-4-16 (1977); or both.
3. Defendants are entitled to absolute or qualified immunity.
4. The proposed class action fails to meet the numerosity requirement of NMRA 1-023(A)(1) and Fed.R.Civ.P. 23(A)(1).
5. The proposed class action fails to meet the commonality requirement of NMRA 1-023(A)(2) and Fed.R.Civ.P. 23(A)(2).
6. The proposed class action fails to meet the typicality requirement of NMRA 1-023(A)(3) and Fed.R.Civ.P. 23(A)(3).
7. The named Plaintiff will not adequately and fairly protect the interests of the proposed class, as required by NMRA 1-023(A)(4) and Fed.R.Civ.P. 23(A)(2).

8. The proposed class does not meet the requirements of NMRA 1-023(B) and Fed.R.Civ.P. 23(B.)
9. Plaintiff's damages, if any, which are specifically denied, are subject to the statutory limitations on liability contained under the New Mexico Tort Claims Act, NMSA 1978, § 41-4-19 (2008); the New Mexico Civil Rights Act, NMSA 1978, § 41-4A-6 (2021); or both.
10. The damages sought by Plaintiff are too remote, speculative, and uncertain; and cannot be proven with reasonable certainty.
11. Plaintiff's claims are barred by the doctrines of laches, waiver, estoppel, and *volenti non fit injuria*.
12. Plaintiff's claims for damages should be reduced to the extent Plaintiff failed to reasonably mitigate damages.
13. Plaintiff's claims, in whole or in part, are barred by all applicable statutes requiring notice, statutes of limitations, and statutes of repose.
14. If Defendants are found to be at fault, which is specifically denied, their negligence or fault should be compared to the fault of Plaintiff and any other third-party.
15. Defendant reserves the right to assert any additional defenses that may be learned through discovery and further reserves the right to adopt and assert any defenses raised or asserted by other defendants, if any, that may later be joined in this action.

WHEREFORE, having answered Plaintiffs' Complaint and having stated affirmative defenses, Defendants respectfully request that the Court dismiss Plaintiff's Complaint with prejudice, award Defendants the costs and attorney's fees, and grant such other relief as the Court deems just and proper.

Respectfully Submitted,

*/s/ Spring V. Schofield*
Spring V. Schofield
James C. Wilkey
Dixon•Scholl•Carrillo•P.A.
P.O. Box 94147
Albuquerque, NM 78199-4147
(505) 244-3890
sschofield@dsc-law.com
jwilkey@dsc-law.com
*Attorneys for Defendant City of Hobbs and David Gough*

I hereby certify that a copy of the foregoing pleading was filed and served through the Court's electronic filing system and emailed this 18th day of August 2025 to:

Benjamin Gubernick, NM Bar No. 145006
Curtis Waldo, NM Bar No. 163604
717 Texas St., Suite 1200
Houston, TX 77002
Phone: (346) 394-8056
ben@wglawllp.com
curtis@wglawllp.com
*Attorneys for Plaintiff*

*/s/ Spring V. Schofield*
Spring V. Schofield
James C. Wilkey